Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4611 N. Ravenswood Ave., Suite 201
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
ALVIN JOHNSON

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| ALVIN JOHNSON,<br><br>      Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>      Defendant. | **Case No.:** 2:15-at-1202<br><br>**PLAINTIFF'S COMPLAINT** |

## PLAINTIFF'S COMPLAINT

Plaintiff, ALVIN JOHNSON ("Plaintiff"), through his attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. §1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in the Broderick, Yolo County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. §1692a(3).

8. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code § 1788.2(h).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6) and Cal. Civ. Code §1788.2(c).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in San Diego, California.

13. Defendant is a business entity engaged in the collection of debt within the State of California.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged debt originally owed to Credit One Bank.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. In or around November, 2010, Defendant began placing collection calls to Plaintiff in an attempt to collect an allege debt.

23. Defendant calls Plaintiff on Plaintiff's cellular telephone at 916-743-15XX, and on Plaintiff's home telephone at 916-371-85XX, in an attempt to collect the alleged debt.

24. Defendant calls Plaintiff from 877-411-5551, which is one of Defendant's telephone numbers.

25. Defendant calls Plaintiff at an annoying and harassing rate, calling Plaintiff up to three (3) times per day.

26. On or about November 3, 2010, Plaintiff sent a cease and desist letter via certified mail to Defendant at 8875 Aero Drive, Suite 200, San Diego, California 92123.

27. On or about November 20, 2010, Plaintiff sent a second cease and desist letter via certified mail to Defendant at P.O. Box 603, Dept. 12421, Oaks, Pennsylvania, 19456.

28. On or about December 1, 2010, Plaintiff sent a third cease and desist letter via certified mail to Defendant at 8875 Aero Drive, Suite 200, San Diego, California, 92123.

29. In the aforementioned letters, Plaintiff requested Defendant send validation of the alleged debt to Plaintiff, and cease placing collection calls.

30. Despite Plaintiff's request, Defendant resumed placing collection calls to Plaintiff in November, 2014.

31. Specifically, Defendant placed collection calls to Plaintiff on the following dates and/or times:

    a. November 22, 2014 at 11:00 a.m.

    b. November 23, 2014 at 10:42 a.m.

    c. November 24, 2014 at 9:39 a.m., 12:56 a.m.

    d. November 25, 2014 at 9:49 a.m.

    e. November 26, 2014 at 9:26 a.m., 10:08 a.m., 12:24 p.m.

    f. November 29, 2014 at 9:58 a.m., 12:46 p.m.

    g. December 1, 2014 at 10:04 a.m., 12:01 p.m., 1:21 p.m.

32. On or about December 5, 2014, Plaintiff's attorney sent a cease and desist letter to Defendant at 8875 Aero Drive, Suite 200, San Diego, California 92123.

33. Nonetheless, despite Plaintiff's fourth written cease and desist request, Defendant continued to place repeated calls to Plaintiff.

34. Specifically, Defendant placed collection calls to Plaintiff on the following dates and/or times:

    a. December 14, 2014

    b. December 15, 2014

    c.   December 16, 2014 at 12:25 p.m.

    d.   December 18, 2014

    e.   December 23, 2014 at 12:27 p.m., 1:25 p.m.

    f.   December 26, 2014 at 1:03 p.m.

    g.   December 27, 2014 at 12:35 p.m.

    h.   December 28, 2014 at 12:34 p.m.

    i.   December 28, 2014 at 11:09 a.m.

    j.   January 10, 2015 at 11:20 a.m.

    k.   January 11, 2015 at 11:33 a.m., 1:08 p.m.

    l.   January 12, 2015 at 12:55 p.m., 1:40 p.m., 2:03 p.m.

    m.   January 13, 2015 at 1:01 p.m., 2:45 p.m., 2:45 p.m.

    n.   January 14, 2015 at 1:30 P.M.

    o.   March 27, 2015 at 12:17 p.m.

    p.   April 10, 2015 at 9:45 a.m.

35. On June 22, 2015, Plaintiff's attorney's office faxed a second cease and desist letter to Defendant at 877-226-9916.

36. On June 22, 2015, Plaintiff's attorney's office received a fax confirmation report stating that the fax had succeeded.

37. To date, Plaintiff has not received anything in the mail from Defendant validating the alleged debt.

38. The natural consequences of Defendant's collectors' statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owes.

39. The natural consequences of Defendant's collectors' statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

40. The natural consequences of Defendant's collectors' statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

41. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant persisted in its attempt to collect an alleged debt from Plaintiff, calling Plaintiff up to three (3) times per day, when its collectors continuously placed collection calls to Plaintiff, despite Plaintiff's numerous written requests that Defendant stop calling him;

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant persisted in its attempt to collect an alleged debt from Plaintiff when Defendant persisted in its attempt to collect an alleged debt from Plaintiff, calling Plaintiff up to three (3) times per day, when its collectors continuously placed collection calls to Plaintiff, despite Plaintiff's numerous written requests that Defendant stop calling him;

    c. Defendant violated §1692g(a) of the FDCPA by failing to send the consumer a written notice regarding the alleged debt within five days after the initial communication with a consumer, when Defendant failed to send Plaintiff written validation of the alleged debt; and

6

  d. Defendant violated §1692g(b) of the FDCPA by failing to cease collection activities and communications with Plaintiff after Plaintiff requested, in writing, validation of the alleged debt from Defendant.

WHEREFORE, Plaintiff, ALVIN JOHNSON, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following:

42. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

43. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k; and

44. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

45. Plaintiff repeats and re-alleges paragraphs 1-40 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

46. Defendant violated the RFDCPA based on the following:

  a. Defendant violated the §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called when Defendant persisted in its attempt to collect an alleged debt from Plaintiff, calling Plaintiff up to three (3) times per day, when its collectors continuously placed collection calls to Plaintiff, despite Plaintiff's numerous written requests that Defendant stop calling him;

  b. Defendant violated the §1788.11(e) by communicating by telephone with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances when Defendant persisted in its attempt to collect an alleged debt from Plaintiff, calling Plaintiff up to three (3) times per day, when its collectors

7

continuously placed collection calls to Plaintiff, despite Plaintiff's numerous written requests that Defendant stop calling him; and

c. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq. as detailed above in Count I.

WHEREFORE, Plaintiff, ALVIN JOHNSON, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following:

47. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b);

48. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

49. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  November 18, 2015			AGRUSS LAW FIRM, LLC

By: /s/  Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff
ALVIN JOHNSON